1

2

3

4

5

6                        IN THE UNITED STATES DISTRICT COURT

7

8                       FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

CARDELL VAN MATHIS,                              No. C 09-2026 WHA (PR)

10
                     Plaintiff,                  **ORDER OF SERVICE**
11

12       v.

SAFEWAY GROCERY;
13   MONUMENT SECURITY; SAN
     LEANDRO POLICE DEPARTMENT;
14   ALAMEDA COUNTY SANTA RITA
     JAIL; ROGELIO FLORES; JASON
15   FISCHER; GERALD CARONE;
     GARY MOORE; DEPUTY FOX;
16
                     Defendants.
17                                            /

18
                                **INTRODUCTION**
19
             Plaintiff, an inmate at the Correctional Training Facility in Soledad, has filed a pro se
20
     civil rights complaint under 42 U.S.C. 1983.  He has been granted leave to proceed in forma
21
     pauperis.
22
                                  **ANALYSIS**
23
     **A.    STANDARD OF REVIEW**
24
             Federal courts must engage in a preliminary screening of cases in which prisoners seek
25
     redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
26
     1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims
27
     which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek
28
     monetary relief from a defendant who is immune from such relief.  *Id*. at 1915A(b)(1),(2).  Pro

**United States District Court**
For the Northern District of California

1 se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

2 (9th Cir. 1990).

3       Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

4 claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the

5 statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds

6 upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).

7 Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a

8 plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than

9 labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

10 do. . . .   Factual allegations must be enough to raise a right to relief above the speculative

11 level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A

12 complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.*

13 at 1974.

14       To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements:

15 (1) that a right secured by the Constitution or laws of the United States was violated, and (2)

16 that the alleged deprivation was committed by a person acting under the color of state law.

17 *West v. Atkins*, 487 U.S. 42, 48 (1988).

18 **B.**    **LEGAL CLAIMS**

19     1.    Private Defendants

20       Plaintiff alleges that while he was leaving a Safeway store on December 10, 2008, he

21 was assaulted by two security guards, defendants Flores and Fischer, and the store manager,

22 defendant Carone.  Private individuals and entities do not act under color of state law, an

23 essential element of a Section 1983 action.  *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

24 Private conduct, no matter how wrongful, is not covered under Section 1983.  *Ouzts v.*

25 *Maryland Nat'l Ins. Co.*, 505 F.2d 547, 550 (9th Cir. 1974).  As defendants Flores, Fisher,

26 Carone, Safeway Grocery, and Monument Security, are private actors, plaintiff's Section 1983

27 claims against them will be dismissed.  Plaintiff may have a cause of action against these

28

*United States District Court*
For the Northern District of California

United States District Court
For the Northern District of California

1    defendants under state law, which may be brought in state court.

2         2.    San Leandro Police Defendants

3         Plaintiff was subsequently transported to jail in San Leandro, California, by defendant

4    Moore, a San Leandro Police Officer.  Plaintiff alleges that when Moore was taking plaintiff out

5    of the police car, Moore pulled plaintiff by the handcuffs with sufficient force to cut plaintiff's

6    wrist.  More then inflicted a "flurry of blows" to plaintiff's face.  Plaintiff alleges that he is 51

7    years old, disabled, and weighs 139 pounds.  He thereafter spent approximately one night in a

8    holding cell in the San Leandro Police Department.  The allegations against defendant Moore,

9    when liberally construed, are sufficient to state a cognizable claim against him for the use of

10   excessive force.

11        Plaintiff also names the San Leandro Police Department as a defendant.  Local

12   government entities are "persons" subject to liability under 42 U.S.C. 1983 where official policy

13   or custom causes a constitutional tort.  *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690

14   (1978).  Plaintiff alleges that the San Leandro Police Department "condones" Moore's conduct

15   insofar as Moore's report was approved by superiors, an officer suggested plaintiff destroy his

16   bloody clothes which could function as evidence, another officer inflicted pain on plaintiff in

17   the presence of other officers, plaintiff sustained injuries on his feet when he was required to

18   walk outside in socks, and he received only minor medical attention.  When liberally construed,

19   these allegations could conceivably indicate that Moore's use of force was part of a pattern or

20   policy of the San Leandro Police Department and thereby state a cognizable claim against the

21   San Leandro Police Department.

22        3.    Alameda County Defendants

23        Plaintiff alleges that he was transported to the Alameda County Jail and to superior

24   court on December 11, 2008.  At the superior court, defendant Deputy Fox, a courtroom officer,

25   opened a door suddenly, accidentally struck plaintiff in the head, and knocked him unconscious.

26   Whenever prison officials stand accused of using excessive force, the core judicial inquiry is

27   whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously

28

3

1    and sadistically to cause harm.  *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).  This standard has

2    been applied to the force used against pretrial detainees, such as plaintiff.  *See United States v.*

3    *Walsh*, 194 F.3d 37, 48 (2d Cir. 1999); *Riley v. Dorton*, 115 F.3d 1159, 1167 (4th Cir. 1997).

4    Plaintiff states that Fox's actions were "an accident" and "unintentional."  As such, they were

5    not malicious and sadistic actions taken for the purpose of causing harm so as to rise to the level

6    of a constitutional violation.  *See also Farmer v. Brennan*, 511 U.S. 825, 835-36 & n.4 (1994)

7    (neither negligence nor gross negligence constitutes deliberate indifference under the Eighth

8    Amendment); *see, e.g., Redman v. County of San Diego*, 942 F.2d 1435, 1443 (9th Cir. 1991)

9    (pretrial detainee alleging due process violation must show deliberate indifference as would a

10   prisoner bringing such claim under Eighth Amendment) (en banc).

11        Plaintiff also names the Alameda County Jail as a defendant but he does not allege why

12   they are liable.  He makes a number of allegations regarding inadequate medical care at the jail,

13   but none of the allegedly responsible parties are named as a defendant.  The allegation that

14   these individuals work at the jail would no, without more, render the jail itself liable because a

15   county government entity may not be held vicariously liable for the unconstitutional acts of its

16   employees under the theory of respondeat superior.  *Monell*, 436 U.S. at 691.

17        Plaintiff's allegations against defendants Fox and the Alameda County Jail, even when

18   liberally construed, fail to state a cognizable claim for relief against them.

**CONCLUSION**

19

20        1.  The claims against defendants Safeway Grocery, Gerald Carone, Monument

21   Security, Rogelio Flores, Jason Fischer, the Alameda County Jail, and Deputy Fox are

22   **DISMISSED**.

23        2.  The clerk shall issue summons and the United States Marshal shall serve, without

24   prepayment of fees, copies of the complaint in this matter and copies of this order upon

25   defendants San Leandro Police Officer Gary Moore, Badge # 261, and the San Leandro Police

26   Department.  The clerk shall also mail a copy of the complaint and this order to the San

27   Leandro City Attorney's Office.

28

4

*United States District Court*
For the Northern District of California

1    //

2        3.  In order to expedite the resolution of this case:

3            a.  No later than ninety days from the date this order is filed, defendants shall file

4    a motion for summary judgment or other dispositive motion.  If defendants are of the opinion

5    that this case cannot be resolved by summary judgment, they shall so inform the court prior to

6    the date the summary judgment motion is due.  All papers filed with the court shall be promptly

7    served on the plaintiff.

8            b.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with the

9    court and served upon defendants no later than thirty days from the date of service of the

10   motion.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is

11   provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc),

12   and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

13       If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to

14   exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff

15   should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION),"

16   which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir.),

17   *cert. denied, Alameida v. Wyatt*, 124 S.Ct 50 (2003).

18           c.  Defendants **shall** file a reply brief no later than fifteen days after the date of

19   service of the opposition.

20           d.  The motion shall be deemed submitted as of the date the reply brief is due.

21   No hearing will be held on the motion unless the court so orders at a later date.

22       3.  All communications by the plaintiff with the court must be served on defendant, or

23   defendant's counsel once counsel has been designated, by mailing a true copy of the document

24   to defendant or defendant's counsel.

25   //

26   //

27

28

5

*United States District Court*
For the Northern District of California

**United States District Court**

For the Northern District of California

1        4.  It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court

2   informed of any change of address and must comply with the court's orders in a timely fashion.

3   Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to

4   Federal Rule of Civil Procedure 41(b).

5        **IT IS SO ORDERED.**

6

7   Dated:  ___October 1, 2009___  .

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

G:\PRO-SE\WHA\CR.09\MATHIS2026.SERVE.wpd

6

**United States District Court**
For the Northern District of California

1

**NOTICE -- WARNING**

2

**(SUMMARY JUDGMENT)**

3        If defendants move for summary judgment, they are seeking to have your case

4   dismissed. A motion for summary judgment under  Rule 56 of the Federal Rules of Civil

5   Procedure will, if granted, end your case.

6        Rule 56 tells you what you must do in order to oppose a motion for summary judgment.

7   Generally, summary judgment must be granted when there is no genuine issue of material

8   fact--that is, if there is no real dispute about any fact that would affect the result of your case,

9   the party who asked for summary judgment is entitled to judgment as a matter of law, which

10   will end your case. When a party you are suing makes a motion for summary judgment that is

11   properly supported by declarations (or other sworn testimony), you cannot simply rely on what

12   your complaint says. Instead, you must set out specific facts in declarations, depositions,

13   answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that

14   contradict the facts shown in the defendant's declarations and documents and show that there is

15   a genuine issue of material fact for trial. If you do not submit your own evidence in opposition,

16   summary judgment, if appropriate, may be entered against you. If summary judgment is

17   granted, your case will be dismissed and there will be no trial.

18

**NOTICE -- WARNING**

19

**(EXHAUSTION)**

20        If defendants file an unenumerated motion to dismiss for failure to exhaust, they are

21   seeking to have your case dismissed.  If the motion is granted it will end your case.

22        You have the right to present any evidence you may have which tends to show that you

23   did exhaust your administrative remedies.  Such evidence may be in the form of declarations

24   (statements signed under penalty of perjury) or authenticated documents, that is, documents

25   accompanied by a declaration showing where they came from and why they are authentic, or

26   other sworn papers, such as answers to interrogatories or depositions.  If defendants file a

27   motion to dismiss and it is granted, your case will be dismissed and there will be no trial.

28