IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARDELL VAN MATHIS, | No. C 09-2026 WHA (PR) |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| SAFEWAY GROCERY; MONUMENT SECURITY; SAN LEANDRO POLICE DEPARTMENT; ALAMEDA COUNTY SANTA RITA JAIL; ROGELIO FLORES; JASON FISCHER; GERALD CARONE; GARY MOORE; DEPUTY FOX; | (Docket Nos. 12 & 14) |
| Defendants. | |

**INTRODUCTION**

This is a civil rights action filed under 42 U.S.C. 1983 by a former state prisoner proceeding pro se. Plaintiff claims that defendant San Leandro Police Officer Gary Moore used excessive force while arresting him, in violation of the Fourth Amendment. The claims against defendants Safeway Grocery, Monument Security, Rogelio Flores, Jason Fischer, Gerald Carone, Alameda County, and Sheriff's Deputy Fox were dismissed. Defendants Moore and the City of San Leandro have moved for summary judgment. Although he was give an opportunity to oppose the motion, plaintiff has not done so. For the reasons set out below, the motion for summary judgment is **GRANTED**.

**ANALYSIS**

The motion for summary judgment is unopposed. A district court may not grant a

motion for summary judgment solely because the opposing party has failed to file an opposition. *Cristobal v. Siegel*, 26 F.3d 1488, 1494-95 & n.4 (9th Cir. 1994) (unopposed motion may be granted only after court determines that there are no material issues of fact). The court may, however, grant an unopposed motion for summary judgment if the movant's papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact. *See Carmen v. San Francisco Unified School District*, 237 F.3d 1026, 1029 (9th Cir. 2001); *see also North American Specialty Insurance Company v. Royal Surplus Lines Insurance Company*, 541 f.3d 552, 558 (5th Cir. 2008) (if no factual showing is made in opposition to a motion for summary judgment, the district court is not required to search the record sua sponte for a triable issue of fact).

The papers in support of the motion for summary judgment show that Moore used a reasonable amount of force under the Fourth Amendment. Determining whether the force used during the course of an arrest was reasonable under the Fourth Amendment includes examining "the severity of the of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 394-96 (1989). Defendants' papers show that prior to his arrest, security guards at a grocery store had detained plaintiff for shoplifting and had handcuffed him when he struggled against them. Moore then arrested plaintiff and as he was escorting plaintiff in handcuffs from the police car to the police station, plaintiff broke free of Moore's grasp and fled. Moore chased after him and grabbed at his shirt, but plaintiff continued to run away. Moore then reached out and struck plaintiff on the cheek with an open palm until plaintiff dropped to his knees. Moore used no more force on plaintiff and escorted him into the station. Moore's actions were reasonable under the Fourth Amendment because Moore, who had stolen and had previously struggled with the store's security officers, was attempting to evade arrest by running away, Moore's initial effort to catch him by the shirt had failed, and Moore struck him with an open palm instead of a fist or using a greater amount of force to subdue him. Because Moore's conduct was lawful, moreover, the City of San Leandro

is not liable for plaintiff's injuries.

While plaintiff's complaint is verified, and as such is treated as a sworn affidavit opposing summary judgment motion to the extent it sets forth matters based on the plaintiff's personal knowledge and sets forth specific facts admissible in evidence, *see Schroeder v. McDonald*, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995), the complaint sets forth no factual allegations that contradict the account in defendants' papers of the force Moore used in effectuating plaintiff's arrest. The bulk of plaintiff's allegations concerns the actions of the other defendants and unnamed individuals. As for Moore, plaintiff alleges that he broke free from Moore and Moore then caught him and struck him in the face, as described in defendants' account (Compl. 3(B)). No additional factual allegations are made as to Moore's conduct that would render Moore's use of force unlawful.

Consequently, defendants' unopposed summary judgment papers establish that they did not violate plaintiff's constitutional rights, and there is no genuine issue of material fact either evident from those papers or created by any factual allegations in plaintiff's verified complaint. Accordingly, defendants are entitled to summary judgment on plaintiff's claims.

## CONCLUSION

Defendants' motion for summary judgment (docket number 12) is **GRANTED**.

Plaintiff was able to adequately articulate his claims in the complaint, and he is not in custody. Consequently, plaintiff's motion for appointment of counsel (docket number 14) is **DENIED**.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: September   10  , 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.09\MATHIS2026.MSJ.wpd

3